May it please the Court. My name is Eric Rao. I am counsel for the appellant Santos Mercado-Ortiz. With the Court's permission, I would like to reserve three minutes for rebuttal. Try to keep track of your own time, if you can. The 16-level enhancement under section 2L1.2 for sexual abuse of a minor is erroneous in Mr. Mercado-Ortiz's case, as clarified by this Court in Pelayo-Garcia v. Holder. In Pelayo-Garcia, this Court set forth the elements for the federal definition of sexual abuse of a minor post Estrada Espinosa and Medina Villa. These elements include sexual contact with a minor that is abusive, abuse being defined either as per se abuse based on the age of the minor or an element of psychological or physical harm. In Pelayo-Garcia, this Court found that the California statute at issue, sexual intercourse with a minor under 16, did not meet the definition of sexual abuse of a minor because it was missing the element of abuse and based on the age of the minor or the minors that were addressed was not per se abusive. The Washington statute at issue in Mr. Mercado-Ortiz's case has the same flaws as the California statute at issue in Pelayo-Garcia. The Washington statute deals with sexual contact with a minor and it also lacks a statutory element of psychological or physical harm and also does not treat minors who are per se abused by virtue of their young age. It does not treat young children or younger children as described in Medina Villa and the Barone Medina cases and their progeny. I have two procedural questions that I'd like you to address. The first question is why haven't you waived this? It was specifically raised at oral argument. It was apparent that counsel knew of the problem at the time of oral argument and did not raise the issue. The second question I'd like you to address is how can you get here under plain error review? If your principal case is Pelayo, a case which was decided after the district court rendered its decision here, how could the district court have engaged in plain error because he couldn't anticipate a decision that hadn't yet been issued?  Yes, Your Honor. Let me add a third. Okay. If it's plain error and we're looking at modified categorical approach rather than categorical, the additional information that the court had before it was that the defendant was 33 years old and the victim was, I don't know, 15 or so? Is it 15? Correct, 15. And why is it that it would be plain error to draw the inference from that that that would result in psychological abuse? Your Honor, if I may first address the question of waiver. In this instance, no objection was made at the time of sentencing because the law, as we understood it at the time, was Barone Medina. This Court had recently decided Estrada Espinosa shortly before the sentencing in that case. I, as defense counsel, was not aware of that decision and the fact that Estrada Espinosa had changed the legal landscape with respect to sexual abuse of a minor. Under my understanding of the law as it stood, this was categorically sexual abuse of a minor. That was a legal error based on the fact that the law had changed. I was not aware of it. It appears the district court was not aware of it. Under Estrada Espinosa, we filed our original briefings arguing that this case was not sexual abuse of a minor under the Federal definition set forth in Estrada Espinosa. The legal landscape shifted again during the briefing process of this case. Medina Villa was denied unbanked review. The government submitted its Rule 28J letter outlining the applicability of Medina Villa. In our reply brief, we addressed the fact that Medina Villa was distinguishable because the minors that it addressed were under the age of 14 and that we believed Estrada Espinosa was still applicable. Then this Court decided Palaio Garcia, which is very closely on point to the facts of our case. We would note that the Court made an analysis both under Estrada Espinosa and Medina Villa in finding that the California statute did not meet sexual abuse of minor definitions. But at the time of the sentencing in Mr. Mercado Ortiz's case, no one was aware of any of these changes that were coming down. The law had changed. Estrada Espinosa had become the law of the land. I didn't know that. Had I known it, I would have made an objection. I would have argued that Estrada Espinosa clearly made this not sexual abuse of a minor because it was overbroad under that Federal definition. That may get you a round waiver. But since you missed it and you're very honest in acknowledging that, we appreciate that. The district court obviously missed it as well. So how could it be plain error if you and the district court both missed it? Because it still affects the substantial rights of Mr. Mercado Ortiz in that Mr. Mercado Ortiz was sentenced to 77 months for an enhancement of 16 levels that should not have applied under the law as it stood at that time. Whether the district court or defense counsel or the government was aware of it, the law at that time had changed. Verón Medina did not apply in the same way. Estrada Espinosa, our argument was, or would have been, made this a four-level enhancement with a range for Mr. Mercado Ortiz of, I believe, 21 to 27 months instead of the 77 months that he received. The fact that he was sentenced to almost four times what his sentencing range would have been clearly makes this plain error in that it affected his substantial rights. It also affects the process that was used in sentencing. In looking at whether the error was plain, can we look at a case that's decided afterwards? Your Honor, I believe so. I believe the fact that Pelayo-Garcia has since come down still allows this court to find plain error because Pelayo-Garcia merely clarifies Estrada Espinosa. At the time Mr. Mercado Ortiz was sentenced, Estrada Espinosa was the law of the land. Whether we were aware of it or not, the decision had come down. What was the timing difference between when it came down and when he arrived? Your Honor, I believe the case was decided three days before my sentencing memorandum, and I think it was a week. If I may have a moment just to double-check in my briefing, I believe it was decided a week before the sentencing date in this case. And, Your Honor, I see that I'm running low on time. If I may just finish responding to that. That's all right. We'll give you time to get this clear. Your point, counsel, is that it was within a week. I believe that's correct, Your Honor. Counsel, even if you weren't aware of a change in the law, why isn't it your obligation to raise the point? In other words, even if Estrada Espinosa had not come down, you could have raised the point and made Mercado Ortiz the Estrada Espinosa of this circuit. In other words, you could have pressed the point and pushed it on appeal. Your Honor, and perhaps I should have done that, but under my understanding of the laws that stood at that time, disqualified the sexual abuse of a minor under the Barone-Medina line of case. But that does make it sound like waiver, doesn't it? I don't believe so. If you've waived a point that you could raise and could press as novel, even though it would be a novel position in the Court, because we didn't overrule. Did we overrule Barone? I don't believe that Estrada Espinosa overruled. My argument initially in filing the brief that it was overruled, in Medina v. It became clear that the Court had not overruled Barone-Medina, that the decision in Pelayo-Garcia makes it clear that there are actually two parallel definitions. And so Barone-Medina is still good law to the effect that it addresses minors under the age of 14. And so at the time that I made the arguments, I believed that Barone-Medina was good law. I don't believe that it was a strategic decision to avoid making an objection to something that I could have objected to. I don't believe that I could have objected based on my understanding of the law as it stood, as it still stands. Scalia.    to something that I could have objected to. Scalia. Would you say that it could be forfeiture rather than waiver? Your Honor, if I may have a moment to ponder that question as I'm going to. As I understand, waiver is intentional relinquishment of a known right. Yes, Your Honor. And thank you for that. In this instance, it may have been forfeiture. It would not have been an intentional relinquishment of a known right. It would not have amounted to a waiver because there was no known right to object that I relinquished in failing to do so. What if the change in the law in that case had been decided a year before and you weren't aware of it? That wouldn't be a known right, and yet it would be a waiver, surely, wouldn't it? Because you should have known. Your Honor, if I understand the Court's question. Well, let me clarify. If my understanding was decided about a week before, if you should have known what the law was and didn't, wouldn't that still be a waiver? No, Your Honor. I don't believe so because I believe that a knowing relinquishment of a known right might have amounted to a waiver, but this was not a relinquishment of a known right. A waiver doesn't have to be an intentional relinquishment, but it would still be a forfeiture even if not a waiver. Yes, Your Honor, but even as a forfeiture, it still could be treated by this Court as plain error, which we assert that it is. Well, I think we could review a forfeiture where we couldn't review a waiver, but I'm not sure that solves your problem. I mean, let's assume and get back to it. I mean, we're running over, but that's our problem. My question was on the assumption that you got through all of those procedural hurdles and got to the point where you were down to, and I'm not suggesting we're going to get this far, but let's assume we're going under the modified categorical approach and that there is additional information and that the Court found psychological abuse. Why would that be an abuse of discretion to find that because it was a 30-year-old and a 53-year-old and a 15-year-old that that would constitute psychological abuse? Your Honor, I think with respect to the categorical and modified categorical approaches, the element of abuse actually has to be an element in the statute, in the language of the statute, as it was required in Pelayo-Garcia. In the Washington statute at issue in the case, there is no such element. The Washington statute sets forth whoever has or knowingly causes another person under the age of 18 to have sexual contact with a minor who is at least 14 but under the age of 16 and who is at least 48 months older than that minor and who is not married to that minor commits the offense prohibited under the Washington statute. There is no element of abuse. Even if the Court were to examine the age of Mr. Mercado-Ortiz and the age of the minor in this case, statutorily there is no element of either psychological or physical abuse, just as was the case with the California statute in Pelayo-Garcia. Your Honor, if I may make a note, I did double-check. I did find the place in my sentencing or, excuse me, in my briefing, and it was 7 days before the sentencing that Ostrada-Espinosa was decided 3 days before my sentencing memorandum was filed. Your Honor, I see that I'm out of time, if I may. Thank you. May it please the Court. Counsel, Michelle Spaven, Assistant United States Attorney for the District of Arizona. By conceding that the defendant's prior conviction qualified for a 16-level enhancement, his argument has been waived. But if the Court, in its discretion, chooses to consider the defendant's arguments, the District Court did not plainly err when it found the defendant's child molestation in the third-degree conviction qualified as a crime of violence. What about his last argument that the statute is overbroad and doesn't contain the necessary element? I disagree, Your Honor. I assumed that, but why? The revised Code of Washington specifically requires that the element of sexual conduct be proven, and that's defined in Washington's statute as the touching of the sexual or intimate parts for the purpose of sexual gratification. And under this Court's holding in Barone-Medina, the purpose of having sexual gratification, using a young child for the purpose of sexual gratification, is abuse. But it has to be physical or psychological abuse, so you think that it is wrong, Your Honor. But by the defendant... What it requires here is sexual contact. And does that... The federal statute, I mean, one of them, that's one of the tests, it requires sexual act. And I don't think it includes sexual contact, but that's just the statute. Then there's the common law definition. And you think, for some reason, there's a difference between a sexual act and sexual contact in the statute. I understood the federal definition required skin-to-skin contact, which we don't  Is that correct? That's correct, Your Honor. Okay. So how does it qualify? Well, under 2243, the federal definition for sexual abuse of a minor, the way that it's titled, would require a sexual act, as Your Honor notes, skin-to-skin touching. Here we have sexual contact. But the definition for sexual abuse of a minor in the Guidelines context, 2L1.2, includes both. To have sexual contact or sexual act would be both subsumed within sexual abuse of a minor in the Guidelines context, through Barone Medina and a 10 years of precedent to follow up through and including Medina Via. What the defendant is asking this Court to do is essentially overrule those 10 years of precedent from Barone Medina in the way that Barone Medina, in the ordinary, contemporary, common meaning of the words that Congress used, using that as the way to define sexual abuse of a minor, not Estrada Espinoza 2243, Medina Via, essentially clarified that Estrada Espinoza was using 2243 to define statutory rape in the immigration context in 8 U.S.C. 1101 in defining an aggravated felony. But what we have here is sexual abuse of a minor under the Guidelines of 2L1.2. Well, the Guidelines don't tell you whether it's a, it was a crime or not. If it wasn't a crime of violence, then you don't get to the Guideline question. I'm sorry, Your Honor. If the statute doesn't comply with the definition of a crime, let's say the statute take the argument that the statute's overbroad and assume that would be a valid argument. It might under one of our cases, which may or may not be controlling forever. But if it's not a crime of violence, doesn't meet the Federal standard for a crime of violence, then where are we, whatever the Guidelines say about sentencing? If I'm understanding Your Honor's question, that if this particular statute in Washington did not qualify as either categorical or modified categorical, which is not the government's position, but I would, under the Guidelines, then if it were neither, if it was not considered a crime of violence, then it would perhaps qualify for either an eight-level enhancement or a four-level enhancement to the base level of eight under the Guidelines. But that's not the case here, Your Honor, for the Washington statute qualifies categorically as a crime of violence, but would also qualify, as Your Honor noted in the questions towards the defendant, that this situation here, looking past the elements and going to the modified categorical analysis based on the judicially noticeable documents that were filed, there was certainly psychological abuse in this case, which would ---- The psychological abuse is because of the difference in age? Not only the difference in age, Your Honor, but if looking to the application for the warrant that was filed from the State of Washington within the judicially noticeable documents, I believe that that supplemental excerpt of record ---- I don't know where ---- Do we have any case that says an application for a warrant is the same as the court records that we've been approved? It's usually something that the defendant has been aware of and has either seen or agreed to at the time. None of the judicially noticeable documents in this record, Your Honor, were objected to. Well, objected to for what purpose? I mean ---- For purpose of the district court's consideration of those judicially noticeable documents, which in the sentencing transcript that was filed in the excerpt of record, the district court noted that they did review the judicially noticeable documents. But just for that one document, the application of warrant that's in the supplemental excerpt of record, there's a notation that the victim was crying heavily and had psychological abuse to the victim. But setting that aside, even the other judicially noticeable documents that are in the record, specifically the statement of the defendant on plea of guilty, which is certainly a document, a court record, the defendant in his own statement says that he knowingly put his hand down the defendant's pants towards her sexual areas for the purpose of sexual gratification, and he's 33 and she's 15. But we were talking about whether it's psychological or physical damage. And certainly the age range differential covered by the statement. All right. Judge Vargas, is there anything other than the age range differential that's in the documents that are judicially noticeable for this purpose? Yes, Your Honor. Is there anything? Not only the age range, but the defendant's admission that this was done for the purpose of sexual gratification. Well, gratification is different from injury. But because the defendant is using that child for the purpose of sexual gratification, that would mean it would, under Barone Medina's definition, would result in psychological injury. Well, that's, I think Judge Reinhart's got a very good question. Sexual gratification goes to the motives or whatever the defendant gets out of this. Whether there's psychological damage goes to the injury to the victim. And the fact that he may be sexually gratified really doesn't tell us anything about whether she's been psychologically or physically damaged. Your principal point, I thought, was simply the difference in age, that there's an 18-year difference between the 15-year-old victim and the 33-year-old perpetrator, and that that difference alone is enough to demonstrate some kind of psychological harm.  Yes, Your Honor. Otherwise, we're sort of suggesting that a large difference in age is categorically demonstrating a psychological harm. Well, I certainly think that the age differential is the government's primary point, Your Honor. But as Barone Medina and the cases that follow seem to articulate that there's more to it than just the age differential. The fact that the victim, that this child, is undergoing the type of victimization that they are is a good sign. But we don't really have any evidence of that, do we? Within the judicially noticeable documents? Right. I would think so, Your Honor. The fact that the child is... We have the written confession. We have the report in the PSR. Yes, sir. But I don't really see much in there that tells us that the child is suffering physical or psychological harm. Psychological harm in the sense that within the judicially noticeable documents that we're not ejected to, she's crying heavily and visibly upset to the point that she can't talk to the law enforcement officers when they arrive. Reported on the same evening, the same day that it happened. That's in the warrant? Yes, Your Honor. That's that supplemental excerpt of record. I can zip to the page. I'll tell you, unless you've got some kind of case or authority or something, I would not have thought that a warrant was the type of document that we normally take when we're looking at modified categorical approach. That's at the record at page 9, just to clarify. But, Your Honor, this court has held in Baza Martinez that for the definition of sexual abuse of a minor that certainly, I believe the court said certainly, the type of conduct that is happening for this Washington statute categorically would qualify as sexual abuse of a minor. And the revised court of Washington categorically meets the elements of what Medina Villa stated that needs to be found for sexual abuse of a minor. The conduct prescribed is sexual, the statute protects a minor, and it requires abuse. The revised court of Washington meets categorical definition of sexual abuse of a minor, and also this particular matter, because of the documents that were filed, meets the modified categorical analysis as well. Thank you, counsel. Thank you, Your Honor. Okay. We'll give you your three minutes. First and foremost, I'd like to reiterate that this was not a waiver, as the government has asserted. This was merely a forfeiture, which triggers plain error review. There was plain error in this case, because there was actual error. There was error that was plain, clear, and obvious, and that affected Mr. Mercado-Ortiz's substantial rights, and it resulted in a 77-month sentence, when the range should have been 21 to 27 months. With respect to the government's characterization of the victims in this case as a young child, I would reiterate that under the Barone-Medina line of cases, the statute that was addressed in that case and Medina Villa dealt with minors who were under the age of 14. The Washington statute in Mr. Mercado-Ortiz's case deals with minors who are 14 and 15 years of age, up to the age of just one day short of 16, which this Court in Pelayo-Garcia has indicated is not per se abusive. There is no distinction between the criminal and immigration context with respect to the definitions of sexual abuse of a minor. And regardless of whether the Court employs a categorical or a modified categorical approach to look at the Washington statute in this case, this statute fails. I would note for the Court that the only judicially noticeable documents that the government has submitted either to the district court or to this court are the information and the defendant's statement of guilty to a plea of to a sex offense. And in the defendant's statement, the defendant merely admitted on October 3, 2005, in Aberdeen, Washington, Grace Harbor County, I knowingly put my hand down the front of MMC's pants with an asterisk notation that this constitutes sexual contact for sexual gratification. She is 15 years old. I am 33. We are not married to each other. That is the only judicially noticeable fact. All that establishes is the age of the victim under the statute and the age of the defendant. Under Pelayo-Garcia, a 15-year-old is not per se abused by sexual contact. The age difference in Pelayo-Garcia required that the defendant be at least 21, a broader age difference than the Washington statute that requires a 4-year age difference. Yeah. Except here we actually know that there was an 18-year difference. But the age difference is not what establishes the per se abuse under the Medina-Villa reasoning. It's the youth of the child. A young child or a younger child under Medina-Villa and Barone Medina and its progeny is what triggers per se abuse. And that is not the case. But it's also clear that as the age difference between a minor and her assailant increases, I mean, it's clear that we think that that difference is relevant. Because most all of these statutes have some kind of minimum age difference requirement. You must be at least, whatever it is, 4 years or 6 years older than the victim and the victim must be less than 16. It's clear that we think that a difference in age is what is criminal about this. So as your assailant gets older, then why can't we take that into account? Your Honor, there's nothing in any case law that I'm aware of that would permit this Court to use as precedent treating a certain number of years beyond the 4-year requirement, the 4-year minimum that set out in Washington or in Pelayo Garcia. It was a 5-year minimum, age 21 or older. There's nothing that I'm aware of that would permit this Court to do that. This Court may find it an issue that a defendant might be a certain age and a minor might be a certain age, but the statute specifies merely that the minor be at least 14 but less than 16 and that the person who engages in the sexual contact be at least 48 months older than that person and not married to that person. A 33-year-old who happens to be married to a 15-year-old would not be covered by the statute because that would be outside the statutory language. Here we have somebody who's 33. The judicially noticeable documents establish only that the minor was 15, based on what was judicially noticeable. And I would emphasize that the warrant filed by the prosecutor in Washington State is not a judicially noticeable document. Any of the facts that the government is seeking to bring in are not judicially noticeable, are not for the trial court or this Court to take into effect. What we have is somebody who is 15, and under Pelayo-Garcia, she could have been 15 one day short of 16, which Pelayo-Garcia was not per se abusive. In Pelayo-Garcia, we were dealing with a defendant who was at least 21 and a range that was older than the Washington State, although in this case, Mr. Mercado-Ortiz was 33. There was nothing in any law that I'm aware of that would allow that to be treated as per se abusive, whether somebody is 25 or 30. The question that Barbee asked really is, can the district court make an inference which doesn't constitute an abusive discretion that, forget 33, say 75, that a 75-year-old man putting his hand into the pants of a 15-year-old girl would cause her psychological damage, whereas maybe a 21-year-old man putting his hand down her pants would not cause psychological damage? Is that a permissible inference for a... No, Your Honor, I don't believe that it is. Why not? I believe it would be abusive discretion for the court to make some sort of a determination that 21 is acceptable, 25 is less acceptable. It's not a question of acceptable. What's likely to cause psychological damage to a young girl? Your Honor, if there is psychological damage based on the precedence of the court up to this point, it's based on the young age, the young child or younger child status of the girl, and not the age of the perpetrator. The reason that it is... Well, that would be per se, then. But the reason that these statutes deal with somebody who is 4 years older or 5 years older or 6 years older is because, as Estrada Espinoza pointed out, there is consensual sex that takes place between teenagers. A 15-year-old girl and her 16-year-old boyfriend may be engaging in consensual sexual activity, in which case it would not be inherently abusive for her. A 13-year-old girl and her 13-year-old boyfriend may be engaging in sexual activity, even though a 13-year-old might be considered per se abused under Medina Villa, the age of her boyfriend would not be beyond the 4-year limit. When we are talking about minors who are roughly contemporary to each other, there may be a distinction in terms of whether there is any undue influence or any sort of difference in age that would be an issue that would trigger legal prohibitions. But the legal prohibition in Pelayo-Garcia and in the Washington statutes sets out a certain number of years minimum difference between the person who engages in the contact and the recipient of the contact. But there is nothing that a district court judge would be able to do to say 30 is too old, if the victim is 15, 30 is per se abusive, 40 is certainly per se abusive, 70 is per se abusive. There is nothing because the issue is whether statutorily the elements are met. And there is no element in the Washington statute of physical or psychological harm, and there is no per se abuse under the law of this circuit based on the age of the minor in question and based on the ages that are covered under the statute. And as I see, I'm out of time. Thank you, counsel. The case is here. It will be submitted.
judges: Hug, Reinhardt, Bybee